IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HARPREET SINGH,<br># A 78125436,<br>      Petitioner, | §<br>§<br>§<br>§ | |
| v. | § | CIVIL ACTION NO. H-05-4361 |
| ALBERTO GONZALES, *et al.*,<br>      Respondents. | §<br>§<br>§<br>§ | |

## MEMORANDUM OPINION AND ORDER

Petitioner Harpreet Singh seeks habeas relief regarding his post-removal order detention under *Zadvydas v. Davis*, 533 U.S. 678 (2001). Pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, respondent moves to dismiss for lack of jurisdiction based on Singh's failure to exhaust administrative remedies under 8 C.F.R. § 241.13. After considering the pleadings and applicable law, the Court **DISMISSES** this petition without prejudice.

**I.     Factual and Procedural Background**

Singh, a citizen of India, is in the custody of the Bureau of Immigration and Customs Enforcement (BICE) in Houston, Texas. He arrived in the United States as a stow-away on a ship. The immigration judge denied Singh's requests for asylum and withholding of removal, as well as his requests for relief under the Convention Against Torture. The Board of Immigration Appeals (BIA) dismissed his appeal on May 12, 2005. Singh remains in custody under a warrant of removal and deportation.

## II.     Discussion

The Court's review of this case is governed by 8 U.S.C. § 1231.  Under section 1231(a), the Attorney General has ninety days to carry out an order removing an alien from the United States.  During this time, detention is mandatory.  Section 1231(a) provides that the alien may be held in continued detention, or may be released under continued supervision at the conclusion of the ninety-day period.  In *Zadvydas v. Davis*, 533 U.S. 678 (2001), the Supreme Court addressed the extent to which section 1231(a)(6) authorizes the Attorney General to detain a removable alien beyond the ninety-day removal period.  Reasoning that the indefinite detention would raise serious constitutional concerns, the Supreme Court concluded that the statute limits post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. *Id.* at 689.  Once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute. *Id.* at 699. The Court also determined that six months would be considered a "presumptively reasonable period of detention." *Id.* at 701. Thus, an alien may be detained beyond the six-month period only "until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

In response to *Zadvydas*, regulations were promulgated to meet the newly established criteria.  *See* 8 C.F.R. § 241.4.  Before the expiration of the removal period expires, the district director is to conduct a custody review if the alien's removal, while proper, cannot be accomplished during the prescribed period. 8 C.F.R. § 241.4(k)(1)(I). When release is denied pending removal, the district director may retain responsibility for custody

determinations for up to three months or refer the alien to the Headquarters Post-Order Detention Unit (HQPDU) for further custody review. 8 C.F.R. § 241.4(k)(1)(ii). Section 241.13 establishes special review procedures for aliens subject to a final order of removal and detained beyond the expiration of the removal period. The HQPDU must determine whether the alien has provided good reason to believe there is no significant likelihood of removal to the country to which he was ordered removed in the reasonably foreseeable future. 8 C.F.R. § 241.13(a).

Singh has challenged his continued detention by filing this petition for a writ of habeas corpus under section 2241. Respondents have answered by arguing that Singh needs to exhaust his administrative remedies by seeking review under section 241.13. Respondents are instructed to treat the habeas petition filed in this case as a request for release under 8 C.F.R. § 241.13 and 241.4. Respondents must respond to this request within forty-five (45) days. At that point, Singh may seek judicial review of the administrative decision, if necessary.

### III. Conclusion

Accordingly, it is **ORDERED** that respondents are directed to treat the instant petition for writ of habeas corpus as a request for release under 8 C.F.R. §§ 241.4 and 241.13, and shall respond to Singh's request within forty-five (45) days. Because the petition is referred to the appropriate government agency for disposition under existing review procedures, the petition for writ of habeas corpus is **DISMISSED WITHOUT PREJUDICE**.

The Clerk will provide a copy of this order to the parties.

Signed at Houston, Texas, on this the 17th day of February, 2006.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE